[Civ. No. 30581. Second Dist., Div. Four. Aug. 3, 1967.]

KEMMERER ENGINEERING CO., INC., Cross-complainant and Respondent, v. CONTINENTAL CASUALTY COMPANY, Cross-defendant and Appellant.

Kirtland & Packard and Robert L. Wilson for Cross-defendant and Appellant.

Roger K. Patterson for Cross-complainant and Respondent.

JEFFERSON, J. — Respondent, Kemmerer Engineering Co. (hereafter, "Kemmerer"), became obligated to pay damages to Whittier College, by reason of its furnishing defective plans and specifications for a construction job on the campus of the college. In a cross-complaint filed in an action brought against it by the college, respondent sought indemnification from appellant   Continental Casualty Company (hereafter, "Continental"), under a professional liability errors and omissions policy issued to it by Continental.

The policy in question provided that Continental would pay the damages resulting from any claim made against the insured Kemmerer, for any error or omission by it in performing its engineering services. The term was for three years, commencing July 20, 1960, and continuing through July 20, 1963.

In paragraph 12 of the policy is contained the following provision: "This policy shall be free of all claims not made against the insured during the policy period, *provided, however, in the event of cancellation by the Company or refusal to renew by the Company, the coverage granted by this policy shall be extended to cover the insured with respect to any claim or claims which may be made against the insured during the period of twelve calendar months after the date of such cancellation or refusal, but only with respect to any errors, omissions or acts committed during the policy period.*" [Italics added.]

The error of Kemmerer which caused the damage occurred some time prior to July 20, 1963, during the period the policy was in effect.

In finding Continental liable, the trial court concluded that, while no claim was made by Whittier College against Kemmerer during the three-year term of the policy, Continental had refused to renew the policy (on or about July 3, 1963), thus extending coverage (under paragraph 12 above set out) to the Whittier College claim, which was submitted (in December 1963 or January 1964) prior to the expiration of 12 months from the date of Continental's refusal to renew.

The parties agree on the facts. The only matter in dispute is whether the facts establish a "refusal to renew" within the meaning of paragraph 12.

On May 22, 1963, two months before the policy expired, through its broker Kemmerer submitted a renewal application form to Continental. On July 3, 1963, Continental informed the broker by letter that it would renew coverage with certain changes in terms. These changes may be summarized as follows:

|  | Original Policy | Proposed Renewal |
|---|---|---|
| Deductible | $1,000.00 | $7,500.00 |
| Term | 3 year | 1 year |
| Premium (effective rate per year) | $ 789.03 | $1,773.90 |

A few days before the termination date of the policy, Kemmerer notified Continental it could not afford to renew under the terms demanded. The insurance was not renewed.

The trial court found that Continental's offer to renew was on terms and conditions materially different from those contained in the original policy. Further, the court found that this in effect constituted a "refusal to renew" as that term is used in paragraph 12.

Continental maintains this construction of the policy is erroneous. It argues that an offer to renew coverage with changes reasonably related to good-faith underwriting practices, cannot reasonably be construed as being synonymous with a refusal to renew.

As can be gathered from the above summary of the pertinent facts, the terms required for renewal were indeed substantially changed. Clearly, they were more onerous to the insured. Instead of $1,000 being deductible by the insurer, the proposed policy called for a deductible amount of $7,500. In addition, it called for a policy period of one year rather

than three, and for more than doubling the amount of the premiums to be paid.

The trial court reasonably concluded that the offer to renew, conditioned as it was upon the acceptance by the insured of materially new and different terms, amounted to a refusal to renew the existing policy of insurance, and, that it was a "refusal to renew" within the meaning of paragraph 12.

The argument raised by Continental, in effect that paragraph 12 should be construed as being intended to apply only to an out and out refusal to renew coverage, flies in the face of the well-established principle that any uncertainties in a contract of insurance are to be resolved against the insurer and in favor of imposing liability. (*Continental Casualty Co.* v. *Zurich Ins. Co.*, 57 Cal.2d 27, 32 [17 Cal.Rptr. 12, 366 P.2d 455]; *Prickett* v. *Royal Ins. Co. Ltd.*, 56 Cal.2d 234, 237-238 [14 Cal.Rptr. 675, 363 P.2d 907, 86 A.L.R.2d 711].)

The judgment is affirmed.

Files, P. J., and Kingsley, J., concurred.