## 45050. PHILLIPS, Assignee v. SOUTHERN HOME INSURANCE COMPANY.

Deen, Judge. The plaintiff appellant, a judgment creditor by assignment of the defendant Mitchell, sued out a garnishment against the defendant Southern Home Insurance Company contending that its liability to pay off the judgment stemmed from the fact that it had issued a policy of liability insurance to one Gainous and that Mitchell was an insured under this policy by reason of his use of the automobile in the course of the transaction which resulted in the death of Gainous and the subsequent negligence action and judgment against Mitchell. Plaintiff enumerates error on the trial court's denial of his motion for summary judgment. The motion raises a number of questions, any one of which, if the appellee's position is correct, is sufficient reason for denying the motion,

and we will accordingly deal only with the first, which, simply stated, is whether any automobile liability insurance contract was in force between the insurer and Gainous on December 18, 1962.

It appears that Gainous had an automobile liability policy with this defendant which was to expire on November 29, 1962, and an agent for the company, at some time prior to November 16, prepared a renewal policy form for Gainous and made a daily report to the home office showing the transaction on receipt of which the company punched the information on its I.B.M. cards and debited the agent's current account with the amount of the premium less commission, thus showing its acceptance of the policy. The insured, however, neither received the policy nor paid a premium thereon, nor was he billed for the premium, because the policy was offered by the agent to Gainous who refused it "because DeWayne Gainous had purchased his insurance coverage from Security General Insurance Company [a competitor] and had decided not to accept the policy offered by Southern Home Insurance Company," according to the uncontroverted answers to interrogatories. This answer is not incompatible with letters written by the insurer to certain lienholders informing them that the policy was canceled on November 29 (the date of issuance by the company), although the letters were not written until the following January 23 after the accident. A renewal insurance policy, as the original, must be accepted by both parties before there is a completed contract. *Harper & Co. v. Ginners Mut. Ins. Co.,* 6 Ga. App. 139 (64 SE 567); *Associated Mutuals, Inc. v. Pope Lumber Co.,* 200 Ga. 487 (37 SE2d 393). Estoppel to deny issuance is not involved here as it was in *Gilley v. Glens Falls Ins. Co.,* 81 Ga. App. 71 (58 SE2d 218) and *Forrester v. State Farm Mut. Auto. Ins. Co.,* 97 Ga. App. 618 (103 SE2d 619), cited by the appellant, for in this case the insurer does not deny offering and issuing the policy, but goes further to show that it was refused by the proposed insured. This fact, if proved on the trial of the case, constitues a complete defense, and the motion for summary judgment was properly denied.

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*

Argued January 13, 1970—Decided February 5, 1970.

*Shoob, McLain & Jessee, C. James Jessee, Jr., Robert P. Wilson,* for appellant.

*Woodruff, Savell, Lane & Williams, Edward L. Savell,* for appellee.