### 58591. PENNSYLVANIA MILLERS MUTUAL INSURANCE COMPANY v. DUNLAP.

CARLEY, Judge.

The appellant insurance company appeals from a judgment against it based upon a directed verdict of the amount claimed by the appellee under a homeowner's policy, and from the verdict of the jury for attorney fees and punitive damages. The policy was issued on June 4, 1974, for a period of three years and provided coverage against loss occasioned by theft of unscheduled personal property in the amount of $10,000, and of scheduled personal property in the amount of $3,975. It further provided that if the company elected not to renew the policy it would mail to the insured written notice of such nonrenewal not less than 30 days prior to the expiration date. The appellee was not notified in writing of the appellant's intent not to renew the policy, but the appellant sent to its agent a renewal declarations form indicating the coverage afforded for the next three-year period as amended beginning June 4, 1977. The declaration referred to an endorsement "HO 4 Edition

12/75," which limited recovery for theft of silverware to $1,000. The appellant asserted that it was its usual custom to have the agent attach the declaration sheet along with the various printed endorsement forms to the policy to make up a "package policy," which was forwarded to the named insured along with an invoice for the amount of the first year's premium. The appellee swore that she received only the declaration renewal sheet — which recited the unscheduled personal property coverage to be $10,000 in the exact language of the first policy — and the invoice, which she paid. She further swore that she did not receive the endorsement changing the amount of coverage for theft of silverware. When she later discovered jewelry and silverware missing, she made claim in the amount of $1,500 for jewelry (which is not contested) and $4,338 for silverware. When the appellant refused to afford coverage for the silverware in excess of $1,000, this suit was filed. The trial judge submitted to the jury a special interrogatory as to whether the appellant had mailed the Form HO 4 Ed. 12/75 with the declaration sheet to the appellee, and it was answered in the negative. The trial court determined that the first policy continued and that, therefore, the $1,000 limitation was not in effect. It directed a verdict on this issue and left for the jury the question of bad faith and attorney fees. Appellant enumerates as error the direction of the verdict and also appeals the denial of its motion for new trial or in the alternative judgment notwithstanding the verdict, insisting that the court should have granted its motion for directed verdict limiting the judgment in favor of the appellee to $2,500.

1. Appellant relies upon *Parris & Son, Inc. v. Campbell,* 128 Ga. App. 165 (196 SE2d 334) (1973). In the *Parris* case, at the expiration of the three-year term of the first policy, the insured received a new policy which made some changes in the coverage but filed it away without ever opening the envelope to read or examine it. This court held "[t]hat the plaintiff-insured was under a duty to examine his policy and ascertain for himself what coverage he had . . . [and] was charged by law with knowledge of the coverage. [Cits.]" *Parris,* 128 Ga. App. at 172, 173, supra.

The case at bar is readily distinguishable. Here, unlike *Parris,* the appellee clearly could not be charged with a legal duty to read an endorsement she never received which changed her original policy upon renewal, particularly when the required written notice that the policy was not to be renewed as originally written was not given by the appellant. " 'Renewal' means just that — renewal of the terms of the original policy." *Wisener v. American Southern Ins. Co.,* 150 Ga. App. 795, 796 (1979). See also *Roberts v. American Southern Ins. Co.,* 142 Ga. App. 232 (235 SE2d 660) (1977). The trial court's resolution of this issue in favor of appellee is in accord with established law. "By the renewal of a policy, except where there is a special agreement for different terms, the original policy is continued under the original stipulations, and the only change is in the time of its expiration . . ." 17 Couch on Insurance 2d, p. 695, § 68.60. "When a renewal of a policy is made and nothing is provided as to a change of terms, the terms of the original policy become part of the renewed contract of insurance. In other words, if an agreement to renew a policy is made and no departure from the terms of the original is proposed or agreed upon, it will be presumed that the policy to be issued, that is, the renewal policy, is to contain the same terms and conditions as the policy which is to be superseded . . ." Couch, supra, § 68.61. "From the fact that a renewal of a policy calls for an extension of the identical policy, it follows that the insured is not bound by a new provision added to the renewal policy where he had not agreed to its inclusion . . . As a corollary of the above principles, an insurer, in issuing a policy which differs from the original, is obligated to inform the insured as to the changes if there has been no special agreement for terms differing from those of the original contract . . ." Couch, supra, § 68.63. "[I]f it does not, such change is no part of the contract . . ." 13A Appleman, Insurance Law and Practice 449, 454, § 7648.

The jury found that the endorsement changing the original policy was not mailed to the appellee by appellant's agent at the time the declaration sheet was sent to her, and, being supported by some evidence, this finding will not be disturbed. Therefore, under the

authorities recited above, the trial court correctly ruled that the $10,000 coverage for silverware provided by the original policy was still in effect, and, there being no question as to the amount of the loss and as to theft as defined by the policy, direction of a verdict for $5,838, the amount of the silverware and the jewelry, was demanded. It follows that the appellant's motions to limit the judgment to $2,500 were properly denied.

2. In regard to attorney fees and punitive damages, "[t]he proper rule is that the judgment should be affirmed if there is any evidence to support it unless it can be said as a matter of law that there was a reasonable defense which vindicates the good faith of the insurer." *Colonial Life &c. Ins. Co. v. McClain*, 243 Ga. 263, 265 (1) (253 SE2d 745) (1979). Since it cannot be said as a matter of law that there was a reasonable defense here which vindicates the good faith of the insurer, the trial judge correctly allowed the issue to be decided by the jury, and the evidence was sufficient to support the verdict. Cf. *Colonial Life &c. Ins. Co. v. McClain*, 243 Ga. 263, 265, supra; *Colonial Life &c. Ins. Co. v. McClain*, 150 Ga. App. 883 (258 SE2d 655) (1979); *State Farm Fire &c. Cas. Co. v. Mills Plumbing Co.*, 152 Ga. App. 531 (4) (1979).

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

ARGUED OCTOBER 2, 1979 — DECIDED JANUARY 7, 1980 — REHEARING DENIED JANUARY 21, 1980 —

*Joseph H. Davis*, for appellant.
*Cubbedge Snow, Sr., Wendell L. Bowden*, for appellee.