Sterling **HESTER** and Gloria Hester,
Plaintiffs-Respondents,

v.

**AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,**
Defendant-Appellant.

No. 51374.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 9, 1987.

Motion for Rehearing and/or Transfer
Denied July 21, 1987.

Robert J. Foley, Robert J. Wulff, St. Louis, for defendant-appellant.

Ray B. Marglous, Clayton, for plaintiffs-respondents.

SMITH, Presiding Judge.

Defendant appeals from a judgment based upon a jury verdict on plaintiffs' claim under their homeowner's policy for personal property lost in a burglary. The jury awarded the value of the property lost, $300 damages for vexatious refusal to

pay, attorney's fees of $5,429.00, and interest on the value of the property lost.

The original policy was issued in 1979. It provided for $15,000.00 coverage for theft of unscheduled personal property. The policy was renewed each year thereafter and was in effect at the time of the burglary in 1982. Plaintiffs lost personal property in the burglary worth $12,681.00. In 1981 the company changed the coverage to provide $1,000.00 coverage for theft of unscheduled personal property. This change was to be communicated to policyholders by the agents who serviced the policy. The agent servicing plaintiffs' policy had the notifications made by his part-time secretary. The only evidence that plaintiffs were notified of this change was the agent's testimony of his usual business practices and inferentially possibly the receipt of such notice by the mortgagee which transmitted the premium payments. There was no indication in the agent's records that such notice was actually sent to plaintiffs. Plaintiffs' testimony was that they were not notified of the change and did not receive a "declarations" sheet reflecting such change after the change and before the loss.

■ Defendant first contends that the policy in effect at the time of the loss is the policy with the change not the original policy. It is true that "... renewal of an insurance policy is a separate and distinct contract for the period of time covered by the renewal...." *DeWitt v. American Family Mutual Insurance Company*, 667 S.W.2d 700 (Mo. banc 1984) [3, 4]; *Rice v. Provident Life and Accident Insurance Co.*, 231 Mo.App. 560, 102 S.W.2d 147 (1937) [5]. It is nevertheless a contract with the same terms and conditions as those contained in the policy which is renewed. *Rice v. Provident Life and Accident Insurance Co., supra.* The policy itself provided that change in the terms and conditions of the policy required notice to the insured. A change in the coverage requires agreement of the parties which can hardly be found in the absence of notice to the insured of the proposed change. *Pennsylvania Millers Mutual Insurance*

*Company v. Dunlap*, 153 Ga.App. 116, 264 S.E.2d 483 (1980) [1, 2]. If the insured accepts the policy after receiving notice of the proposed change there has been an agreement to the change. Plaintiffs' evidence here was that they never were advised of the change and it is therefore presumed that the renewed policy was the same as the original policy. *Id.*[1]. The court did not err in submitting to the jury the question of the terms of the 1979 policy being in force at the time of the loss.

■ Defendant next challenges the award of interest, damages for vexatious refusal to pay and attorney's fees on the basis that the evidence did not establish vexatious refusal to pay. Sec. 375.420 RSMo 1986 authorizes damages and reasonable attorney's fees for vexatious refusal to pay. Those awards are in addition to the amount of the loss and interest. The interest award therefore is not conditioned upon vexatious refusal to pay.

In recent years the standard necessary to support a vexatiousness award has been relaxed. The present test is stated as follows in *DeWitt v. American Family Mutual Insurance Company, supra,* [31, 32].

"The existence of a litigable issue, either factual or legal, does not preclude a vexatious penalty where there is evidence the insurer's attitude was vexatious and recalcitrant.... Direct and specific evidence to show vexatious refusal is not required, the jury may find vexatious delay upon a general survey and a consideration of the whole testimony and all the facts and circumstances in connection with the case."

■ We conclude there was sufficient evidence to support a finding of vexatious refusal to pay. Several weeks passed after the company was notified of the loss before plaintiffs were contacted by an adjuster. They were not advised concerning defendant's contention of only $1,000.00 of coverage until sometime later when they had gone to extensive efforts to prepare their proof of loss. No investigation was made by defendant of plaintiffs' loss and they were not questioned concerning their receipt of the notice of change. No records

of the agent established plaintiffs had been notified of the change. The defendant did not tender the full amount of its admitted liability at the time of declination nor until after suit had been filed. The only item paid by the company was for repair of physical damage to the house itself caused by the burglars. While the only basis for defendant's declination of the full amount of the loss was the change in coverage most of the cross-examination of plaintiffs dealt with an attack on the proof of loss. The company had made no investigation of that issue with plaintiffs prior to declination, and never came to the house. It offered no testimony from the adjuster or any claims official. The evidence was sufficient to support a finding that defendant's attitude was vexatious and recalcitrant.

■ Defendant also challenges the award of attorney's fees as unsupported by the evidence. With that we agree. Plaintiffs offered no evidence at all concerning attorney's fees, the amount of work done, or the reasonable value of the services. The burden was on plaintiffs to prove the reasonable value of the services of their attorney. *Grandview Bank & Trust Company v. Midwest Plastering, Inc.,* 633 S.W.2d 259 (Mo.App.1982) [1, 2]. *State ex rel. Sappington v. American Surety Co. of New York,* 41 S.W.2d 966 (Mo.App.1931) [4, 5]. They provided no evidence on that issue. The issue of attorney's fees was erroneously submitted to the jury.

Defendant's final point is neither preserved nor prejudicial.

Judgment is reduced from $21,706.87 to $16,277.87 and as so reduced is affirmed.

DOWD and REINHARD, JJ., concur.