**AMERICAN CASUALTY COMPANY OF READING, PA., Plaintiff,**

**v.**

**The FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, Jack E. Black, A.D. Black, Don Cies, George L. Cross, Raymond T. Foor, Charles Hooper, Jerry D. Alley, E. Koehler Thomas, and William R. Bourn, Defendants.**

**No. CIV–91–950–W.**

United States District Court, W.D. Oklahoma.

April 30, 1992.

Order Denying Renewed Motion May 11, 1992.

John R. Couch, Robert S. Lafferrandre, Pierce Couch Hendrickson, Johnston and Baysinger, Oklahoma City, OK, John W. Jensen, Sean M. Hanifin, Ross Dixon & Masback, Washington, DC, for American Cas. Co. of Reading, PA.

Donna Nix Blakley, Kirk D. Fredrickson, Jon Epstein, Hall, Estill, Hardwick, Gable, Golden & Nelson, Oklahoma City, OK, for F.D.I.C.

Mitchell D. Blackburn, John D. Hastie, Robert D. McCutcheon, John W. Swinford, Jr., Hastie & Kirschner, Merrilyn B. Livermon, Stephen A. Sherman & Associates, Donna Nix Blakley, Kirk D. Fredrickson, Jon Epstein, Hall, Estill, Hardwick, Gable, Golden & Nelson, Oklahoma City, OK, for Jack E. Black, A.D. Black, Don Cies, George

L. Cross, Raymond T. Foor, Charles Hooper, Jerry D. Alley, E. Koehler Thomas, William R. Bourn.

## ORDER

WEST, District Judge.

Presently before the Court are cross-motions for partial summary judgment of the plaintiff, American Casualty Company of Reading, Pennsylvania ("American"), and the defendants, the Federal Deposit Insurance Corporation, in its corporate capacity ("FDIC"), and several former directors and officers of American Exchange Bank & Trust Company, Norman, Oklahoma ("AEB"). American brought this action seeking a judgment declaring that it is not liable to the defendants under a directors' and officers' liability insurance policy issued in 1984. The defendants have filed a counterclaim seeking a determination of coverage under an earlier policy issued in 1981 by American's predecessor-in-interest, MGIC Indemnity Corporation ("MGIC") and a determination of coverage under the 1984 policy. A counterclaim has also been filed by the former directors and officers alleging fraud and breach of implied covenant of good faith and fair dealing in connection with American's promotion and sale of the 1984 policy. The parties seek summary judgment on all issues save and except the counterclaim of the former directors and officers.[1] For the reasons that follow and to the extent stated below, American's motion on the 1984 policy is DENIED and the defendants' motion on the 1981 policy and 1984 policy and American's cross-motion on the 1981 policy are DENIED.

*BACKGROUND*

MGIC issued a directors' and officers' liability policy to AEB, a state banking association, effective from May 22, 1981 to May 22, 1984. The aggregate limit of liability of the policy was $10,000,000 for each policy year.[2] The policy was a "clean policy" in that it contained no substantial restrictive endorse-

ments. The policy also provided for a 12–month discovery period.

In 1983, American acquired the book of business of MGIC's portfolio of directors' and officers' liability insurance policies. Through an assumption agreement, American assumed the obligations and rights of MGIC under the 1981 policy. On August 30, 1984, American issued a policy to AEB and American Exchange Bancorp, the newly created holding company for AEB, with an effective date of May 22, 1984 to May 22, 1987. The 1984 policy contained new endorsements, namely, a 90–day discovery period, an "insured vs insured" exclusion and a reorganization/cessation business exclusion.

The expiration date of the 1984 policy was May 22, 1987. On May 15, 1987, AEB sent a letter to American requesting the extended 90–day discovery coverage. On July 22, 1987, American issued endorsement no. 11 entitled "Discovery Period." The endorsement stated that coverage under the 1984 policy was "extended for a period of 90 Days ending August 20, 1987 but only in respect of any Wrongful Act committed before May 22, 1987."

By letter dated August 20, 1987, AEB notified American that there was a possibility that AEB might be closed and that some claims could be asserted against the directors and officers. At 3:00 p.m. on August 20, 1987, AEB was declared insolvent by the Oklahoma State Bank Commissioner and closed. The FDIC was appointed as liquidating agent of AEB. It assigned certain assets of AEB including all claims against the directors and officers of AEB to the FDIC, its corporate capacity.

On August 17, 1990, the FDIC commenced an action against the former directors and officers seeking recovery for damages arising from the directors and officers' alleged negligence and breach of fiduciary duty. American funded the directors and officers' defense

---

1. The plaintiff, in the beginning of its motion for partial summary judgment, asserts that it is entitled to entry of judgment on the former directors and officers' counterclaim. The plaintiff, however, does not directly present argument on this counterclaim. In any event, the Court finds that a question of fact may exist which is connected with a trier of fact's determination of whether

the parties had an agreement that the 1984 policy would be deemed a renewal of the 1981 policy as discussed *infra*.

2. When originally issued, the 1981 policy's annual aggregate limit of liability was $1,000,000. However, the limit of liability was increased to $10,000,000 in 1982.

subject to a reservation of rights. At the eve of trial, the FDIC entered into a settlement agreement with the directors and officers whereby the directors and officers consented to entry of judgment against them for $6,800,000. Under the terms of the settlement agreement, the directors and officers paid the FDIC $70,000 and assigned all rights under the insurance policies to the FDIC.

American filed its complaint in this action seeking a declaration that the 1984 policy affords no coverage for the former officers and directors with respect to the FDIC's action. Its claim is based on the "insured vs. insured" endorsement attached to the 1984 policy and the insureds' failure to make a claim or provide notice of a claim within the policy period. By way of their counterclaim, the defendants seek a declaration that the issuance of the 1984 policy on different terms was a non-renewal of the 1981 policy. The defendants contend that non-renewal of the 1981 policy entitles them to a 12–month extension for making claims under the discovery coverage provision of the 1981 policy. Alternatively, the defendants seek a declaration that they are entitled to the broader policy limits of the 1981 policy because American failed to advise AEB and/or the directors and officers of the reduction in coverage in the 1984 policy.

*NON–RENEWAL OF 1981 POLICY*

Under clause 2(B) of the 1981 policy, the insureds have a right to purchase a 12–month extension of coverage "[i]f the Insurer shall cancel or refuse to renew" the policy. Clause 7(B) of the 1981 policy provides that the insurer shall provide the insured with no less than 30–days advance notice of its intent not to renew the policy.

The defendants argue that the 1984 policy is a non-renewal of the 1981 policy because it provides coverage on different terms. Specifically, the 1984 policy includes a 90–day discovery endorsement, an "insured vs. insured" endorsement and a reorganization/cessation of business endorsement. The defendants argue that in order to be a renewal policy, the policy must be on the same terms and conditions as the prior policy. *See, Hester v. American Family Mut. Ins. Co.,* 733 S.W.2d 1, 2 (Mo.App.1987) (a renewal is a "contract with the same terms and conditions as those contained in the policy which is renewed"); *see also, Pennsylvania Millers Mut. Ins. Co. v. Dunlap,* 153 Ga.App. 116, 264 S.E.2d 483, 485 (1980); *General Agents Ins. Co. v. St. Paul Ins. Co.,* 22 Ark.App. 46, 732 S.W.2d 868, 871 (1987). Because the 1984 policy contains different terms, the defendants contend that American in essence refused to renew the 1981 policy. *See, Continental Cas. Co. v. Allen,* 710 F.Supp. 1088, 1095 (N.D.Tex.1989); *McCuen v. American Cas. Co. of Reading, Pa.,* 946 F.2d 1401, 1404–05 (8th Cir.1991); *Kemmerer Engineering Co. v. Continental Cas. Co.,* 253 Cal.App.2d. 188, 61 Cal.Rptr. 94 (1967). As a result, the defendants contend that the 12–month discovery option under the 1981 policy has not been triggered. Accordingly, the defendants contend that they are entitled to exercise the discovery option.

In response, the plaintiff argues that a renewal policy can contain different terms if an agreement incorporating such different terms exists. *See, American Cas. Co. of Reading, Pa. v. Federal Deposit Ins. Corp.,* 944 F.2d 455, 460 ("agreement to new terms creates a renewal"); *see, also, Mundy v. Lumberman's Mut. Cas. Co.,* 783 F.2d 21 (1st Cir.1986); *Wiltgen v. Hartford Acc. & Indem. Co.,* 634 F.2d 398, 401 (8th Cir.1980). According to the plaintiff, such an agreement existed in that the parties treated the 1984 policy as a renewal. The plaintiff contends that it had adequately advised the insureds of the new terms and that the new terms were apparent from a "casual reading" of the policy. The plaintiff thus contends that the 1984 policy was a renewal. However, even if the 1984 policy was not a renewal, the plaintiff argues that the defendants' right to exercise the discovery option is barred by the doctrines of waiver, estoppel or laches.

■ Having reviewed the evidence in this case, the Court finds that a question of fact exists as to whether the parties agreed and understood that the 1984 policy constituted a renewal of the 1981 policy. The Court thus concludes that a question of fact exists as to whether the plaintiff was required to give notice of refusal to renew under the 1981 policy. Should the trier of fact determine that the parties did not agree to the different

terms in the 1984 policy and determine that the plaintiff was required to give notice of refusal to renew, the Court finds that the defendants' right to exercise the discovery option is not barred by the doctrines of waiver, estoppel or laches. *See, Continental Cas. Co. v. Allen,* 710 F.Supp. at 1100.

## ENTITLEMENT TO COVERAGE UNDER 1981 POLICY FOR FAILURE TO ADVISE

The defendants contend that the law requires American to make its insured aware of any reduction in coverage when a policy is renewed. *See, Government Employees Ins. Co. v. U.S.,* 400 F.2d 172, 175 (10th Cir.1968) (insured not required to search fine print of each renewal policy; there must be a short, separately attached, boldly worded notice of reduction in coverage if successor policy is represented as a renewal; merely instructing insured to carefully read policy is insufficient). They contend that the insured's remedy when there is a failure to do so is to have the earlier broader policy limits enforced. It is the defendants' position that American failed to adequately inform AEB and/or the directors and officers that the 1984 policy was substantially more limited than the 1981 policy. Therefore, the defendants contend that they are entitled to coverage as provided in the 1981 policy.

American contends that the changes in the 1984 policy were called to the attention of AEB and/or the directors and officers. American asserts that all of the changes to the policy terms were made by way of endorsement and were apparent from a "casual reading." In addition, American asserts that by letter dated June 13, 1984, AEB was specifically advised of the "insured vs. insured" endorsement. Moreover, American maintains that the executive committee of AEB's board of directors compared quotes from other insurers. After such comparison, the insureds decided to purchase the 1984 policy. American thus concludes that the defendants were aware of the reductions in coverage. Accordingly, American contends that the defendants are not entitled to the broader coverage of the 1981 policy.

Having reviewed the evidence submitted, the Court finds that a question of fact exists as to whether AEB and/or the directors and officers were fully informed that the terms and conditions of the 1984 policy were substantially changed. The Court notes that the defendants were not given the policy with the new restrictive endorsements until after the insureds accepted the offer to renew. In *Government Employees,* the Tenth Circuit stated that even providing an insured copies of the entire policy does not serve notice on the insured that there has been a reduction in coverage. However, if the policy is accompanied by a separately attached and boldly worded modification, it would suffice to put the insured on notice. 400 F.2d at 175. In this case, it is disputed whether AEB and/or the directors and officers received the endorsements prior to issuance of the 1984 policy. The Court therefore concludes that summary judgment is not appropriate.

### 1984 POLICY

One of the issues raised in the parties' briefs is whether under the 1984 policy, notice of an occurrence or a potential claim may be given during the discovery period. American contends that notice of an occurrence or a potential claim during the discovery period does not trigger coverage based upon a recent Tenth Circuit case *American Cas. Co. of Reading, Pa. v. Federal Deposit Ins. Co.,* 958 F.2d 324 (10th Cir.1992). In that case, the Tenth Circuit affirming this Court on different grounds found that under language similar to clause 2(a) and clause 6(a) in the 1984 policy that notice of an occurrence or a potential claim given during the discovery period does trigger coverage.

The defendants contend that in *American Cas. Co. of Reading, Pa.,* the Tenth Circuit expressly limited its holding to coverage under the policy at issue in that case. They contend that the 1984 policy is a different policy. Specifically, the defendants contend that the 1984 policy contains a "Discovery Period Limit of Liability" endorsement which states that "[i]f the extended discovery period option is exercised in accordance with Clause 2(b) of the Policy, such extension of coverage shall be part of and not in addition to the last Policy Year." The defendants contend that the Tenth Circuit's decision was premised upon its refusal to conclude that the term "policy period" as used in clause 2(a) and clause 6(a) could reasonably be in-

terpreted to encompass the "discovery period." Based upon the endorsement, the defendants contend that the policy period in the clauses may reasonably be interpreted to encompass the discovery period. In addition, the defendants contend that at the very least the policy provisions are ambiguous.

Having reviewed clause 2(a) and clause 6(a) of the 1984 policy along with the "Discovery Period Limit of Liability" endorsement, the Court agrees with the defendants that an ambiguity exists. The Court therefore construes the ambiguity against American, *Wilson v. Travelers Ins. Co.*, 605 P.2d 1327, 1329 (Okla.1980), and concludes that coverage may triggered under the 1984 policy by notice of an occurrence or a potential claim.

The parties have raised several other issues relating to coverage under the 1984 policy. In regards to the alleged untimeliness of the August 20, 1987 letter and the alleged insufficiency of the letter and other information given to American as notice, the Court finds that questions of fact exist for the trier of fact to determine. As to the "insured vs. insured" endorsement, the Court defers ruling until the above questions of fact relating to the 1984 policy are determined.

### PROCEDURAL MATTERS

Upon consideration of all of the issues presented in the cross-motions for partial summary judgment, the Court believes that the issues relating the 1981 policy (non-renewal and failure to advise) and the issues relating to the 1984 policy (untimeliness of notice and insufficiency of notice) should be tried in separate phases. The Court concludes that the issues relating to the 1981 policy should be tried first. The Court believes that the former directors and officers' counterclaim should be tried with the issues relating to the 1981 policy, however, the Court requests the parties to advise the Court in their pretrial order which phase the parties believe the counterclaim should be tried. The parties are also instructed to submit proposed jury instructions for phase I (the 1981 policy) and phase II (the 1984 policy) separately.

The Court notes that on March 20, 1992, the parties jointly filed a motion to bifurcate the trial of the coverage issues under the 1981 and 1984 policies and the enforceability of the settlement agreement in the underlying directors and officers' liability action. The Court believes that the issue relating to the enforceability of the settlement agreement should also be tried separately from the coverage issues. Therefore, the parties' bifurcation motion is GRANTED and this issue will be tried after the coverage issues.

### ORDER ON RENEWED MOTION

This matter comes before the Court upon the defendants' Renewed Motion for Partial Summary Judgment. The plaintiff has responded and has also moved for summary judgment. Upon due consideration of the parties' submissions, the Court makes its determination.

On April 30, 1992, the Court entered an Order denying the parties' cross-motions for partial summary judgment. The Court specifically denied the parties' cross-motions on the 1981 policy because the Court found that a question of fact exists for the trier of fact as to whether the parties agreed and understood that the 1984 policy constituted a renewal of the 1981 policy.

On May 1, 1992, the plaintiff filed a pleading entitled "Stipulation and Notice of Withdrawal of Certain Defenses." In that pleading, the plaintiff stated that it believed that it had provided adequate notice of new terms in the 1984 policy, namely, the reorganization/cessation of business endorsement, the 90-day discovery period endorsement and the 12:01 a.m. policy inception/termination time. The plaintiff stated, however, that in order to eliminate this issue from trial, it was willing to agree that it had not provided notice of the new terms. The plaintiff thus agreed to waive and withdraw the three restrictions in coverage from the 1984 policy. Therefore, according to the plaintiff, the only difference in coverage between the 1981 policy and the 1984 policy would be the "insured vs. insured" endorsement.

Based upon the plaintiff's Stipulation and Notice of Withdrawal of Certain Defenses, the defendants have renewed their motion for partial summary judgment on the 1981 policy. The defendants contend that the plaintiff has admitted that it failed to give

adequate notice of three changes in coverage under the 1984 policy. Because of this admission, the defendants contend that there is no genuine issue as to whether the parties agreed to the different terms in the 1984 policy. The defendants assert that the parties could not have agreed to the different terms if they did not have notice of the different terms. Therefore, the defendants contend that there is no genuine issue that the 1984 policy is not a renewal of the 1981 policy and that they are entitled as a matter of law to exercise the 12–month discovery period option under the 1981 policy.

In response, the plaintiff contends that its waiver and withdrawal of the three restrictions in coverage under the 1984 policy does not reflect a concession that its notice of the restrictions to American Exchange Bank & Trust Company was inadequate. It maintains that its notice was adequate. The plaintiff contends that to streamline issues for trial, it has simply decided not to rely on the restrictions as defenses to coverage under the 1984 policy.[1]

Having reviewed the plaintiff's Stipulation and Notice of Withdrawal of Certain Defenses, the Court concludes that the plaintiff waived three of its defenses as to coverage under the 1984 policy for purposes of streamlining the trial. Under such circumstances, the Court does not deem the stipulation to constitute a legal admission regarding "non-renewal of the 1981 policy." The Court therefore concludes that the defendants' renewed motion should be denied.

The Court notes that the plaintiff, in opposition to the defendants' renewed motion and in support of its own motion for summary judgment, has attached a decision from the Wyoming District Court which has recently rejected the non-renewal theory advanced by the defendants for coverage under the 1981 policy. The Court has reviewed the Wyoming decision and finds it unpersuasive. Therefore, the Court declines to revisit to this issue.

Based upon the foregoing, the Court finds that the defendants' Renewed Motion for Partial Summary Judgment should be and is

hereby DENIED. The Court also finds that the plaintiff's Cross–Motion for Summary Judgment should be and is hereby DENIED.

---

1. In its objection to the defendants' renewed motion, the plaintiff argues that the defendants' renewed motion should be denied as untimely. The Court, however, rejects this argument since the Court specifically granted leave for the defendants to file the renewed motion.