## A97A0937. BOOMER'S, INC. v. WHITNEY et al.

(486 SE2d 59)

Judge Harold R. Banke.

This case arose after a patron at Boomer's, Inc. ("Boomer's"), a tavern, shot Robert Whitney in the face.[1] Whitney sued Boomer's, alleging that it failed to exercise reasonable care for its customers in that it knew the patron was violent, but permitted him on the premises because he spent a lot of money. Boomer's sought representation from its insurer, Northwestern National Insurance Company ("Northwestern"), which refused to defend the case based on an endorsement added to the policy on renewal excluding cases based on assault and battery. Boomer's then commenced this third-party action against Northwestern. The trial court granted Northwestern's motion for summary judgment and denied Boomer's motion. On appeal Boomer's enumerates three errors. *Held*:

1. The undisputed evidence shows that the assault and battery exclusion was in effect when the cause of action arose.[2] The record shows that Boomer's insurance agent, Charles Bannister, procured the renewal policy at issue at the request of Boomer's owner, Marge Smith. After Bannister received a reminder that Boomer's liability policy was about to expire, he discussed renewing the policy with Northwestern's agent and learned that the assault and battery exclusion had been added, notwithstanding the fact that the premium remained the same. Bannister then informed Smith of this change before renewing the policy at Smith's request.

Smith does not deny that she received notice of the exclusion. Moreover, Bannister testified that Northwestern delivered the renewal policy to his agency for subsequent delivery to the customer. The declarations pages of the renewal documents clearly show the changes in the policy. The forms and endorsement provision clearly states that an assault and battery exclusion was added to the coverage part. The endorsement containing the exclusion was attached to the policy. In addition, the confirmation of binder lists assault and battery as an exclusion.

In light of this evidence, the trial court's finding that the exclusion was in effect was appropriate. "A renewal insurance policy, as [with] the original, must be accepted by both parties before there is a completed contract." *Phillips v. Southern Home Ins. Co.*, 121 Ga. App. 126, 127 (173 SE2d 123) (1970); see *Parris & Son, Inc. v. Campbell*,

---

[1] Apparently both Boomer's and Northwestern National Insurance Company ("Northwestern") were misnamed in this action. Boomer's does business as Boomer's Place. Northwestern styles itself as Northwestern National Casualty Company.

[2] The exclusion at issue states: "It is agreed that no coverage shall apply under this policy for any claim, demand or suit based on Assault and Battery. . . ."

128 Ga. App. 165, 168 (2) (196 SE2d 334) (1973). Smith's actions in instructing her agent to procure the renewal with knowledge of the proposed exclusion manifested her acceptance of the terms of the renewal policy on Boomer's behalf. See *Morgan v. Ga. Gen. Ins. Co.,* 210 Ga. App. 614, 615 (436 SE2d 782) (1993); compare *Pennsylvania Millers Mut. Ins. Co. v. Dunlap*, 153 Ga. App. 116, 118 (1) (264 SE2d 483) (1980) (exclusion ineffective where insured had no knowledge of it). Notwithstanding Boomer's argument to the contrary, Smith's affirmative, written consent to the exclusion was not required to demonstrate her acceptance. See *Peterson v. Liberty Mut. Ins. Co.*, 188 Ga. App. 420, 422-423 (373 SE2d 515) (1988). We likewise reject Boomer's contention that the new agreement lacked consideration inasmuch as the record shows that as Boomer's previous policy was about to expire, Smith agreed to pay the same premium on her renewal policy despite her knowledge of the additional exclusion and did so. Compare *Patterson v. Cotton States Mut. Ins. Co.*, 221 Ga. 878, 882-883 (148 SE2d 320) (1966) (insurer's uncommunicated intent to cancel insurance or increase the premium was void for lack of consideration); compare *Ga. Baptist &c. v. Essex Ins. Co.*, 207 Ga. App. 346, 347 (1) (427 SE2d 798) (1993) (insurer's unilateral reduction in coverage while policy was in force was inapplicable).

2. The assault and battery exclusion applies to the facts in this case, notwithstanding the complaint's allegations of premises liability. In *Dynamic Cleaning Svc. v. First Financial Ins. Co.*, 208 Ga. App. 37, 38 (430 SE2d 33) (1993) (physical precedent only), this Court interpreted the identical exclusionary language to bar coverage in a premises liability case arising from an assault and battery. Accord *Al Who Enterprises v. Capitol Indem. Corp.*, 217 Ga. App. 423, 426 (1) (457 SE2d 696) (1995). In the instant case, the underlying controversy on which the premises liability action is based is assault and battery. The reasoning in *Al Who* applies equally here. Accordingly, the assault and battery exclusion defeats Boomer's claim for coverage.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED APRIL 16, 1997 — ▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮ Before Judge Jackson.

*Michael L. Wetzel*, for appellant.

*Drew, Eckl & Farnham, James M. Poe, Suzanne V. Sanders, Guy J. Notte*, for appellees.