A98A0529. EADY et al. v. CAPITOL INDEMNITY CORPORATION.
A98A0530. UDOTO v. CAPITOL INDEMNITY CORPORATION.
(502 SE2d 514)

JOHNSON, Judge.

In Case No. A98A0530, Gilbert Udoto d/b/a Big Daddy's Liquors and Lounge filed notice of appeal from an order granting summary judgment to appellee Capitol Indemnity Corporation and denying summary judgment to Eldred Eady and Michael Kittles. In Case No.

---

A98A0529, Eady and Kittles filed notice of appeal from the grant of summary judgment to Capitol.

The facts of this case are not in dispute. Eady and Kittles went to Big Daddy's Liquors and Lounge, which is owned and operated by Gilbert Udoto. Trevor Roberts and a man known only as Lamont were also patrons at Big Daddy's. Some months earlier, Lamont and two other persons allegedly had attacked Roberts at an unidentified location. Roberts and Lamont exchanged words after which Roberts left Big Daddy's and went to his car to get a .380 caliber handgun. He returned to the lounge with the gun concealed under his clothes. When Lamont approached Roberts again, Roberts pulled out his gun to get him to "back up." Lamont grabbed Roberts. As Roberts fell back his finger tightened around the trigger and, according to Roberts, the gun "kept shooting." Eady, Kittles and two other people in the bar were struck by bullets.

Eady and Kittles sued Udoto alleging Udoto was negligent by: 1) allowing an individual to enter the lounge with a gun; 2) failing to keep the premises and approaches safe for customers; 3) failing to have adequate security; 4) failing to provide adequate lighting; and 5) failing to properly design a security system.

Udoto requested that Capitol Indemnity Corporation, from whom he had purchased a commercial general liability policy, provide a defense and indemnify him in the action. After issuing a reservation of rights letter, Capitol filed this declaratory judgment action, seeking a determination that there is no coverage for this claim under the terms of the policy. Capitol, Eady and Kittles, and Udoto all filed for summary judgment. The trial court granted Capitol's motion and denied the motions of Udoto and Eady and Kittles.

The policy contains the following exclusion for injuries arising out of assault and battery: "This insurance does not apply to bodily injury, property damage or personal injury arising out of assault, battery, or assault and battery. This exclusion applies to all coverages under this coverage part. Definitions: 1. Assault — A willful attempt or offer with force or violence to harm or hurt a person without the actual doing of the harm or hurt. 2. Battery — Any battering or beating inflicted on a person without his or her consent. 3. Assault and Battery — For purposes of this instance, this term includes assault and battery, and specifically includes the ejection with force or violence, or attempt thereof, of any person from the premises by the insured and his/her/its employees or agents. Certain words or terms underlined in this endorsement have special meaning and are defined either in the policy or in this endorsement." After taking judicial notice of Roberts' guilty plea to aggravated assault of Eady, the trial court concluded that Eady's and Kittles' injuries arose out of an assault and came within the policy's assault and battery exclusion.

The trial court relied on four cases which have upheld similar "assault and battery" exclusions: *Boomer's, Inc. v. Whitney*, 226 Ga. App. 195 (2) (486 SE2d 59) (1997) (patron shot another patron in a bar); *Capitol Indem. Corp. v. L. Carter Post 4472*, 225 Ga. App. 354 (484 SE2d 52) (1997) (intoxicated patron who had been asked to leave VFW returned and stabbed another patron); *Al Who Enterprises v. Capitol Indem. Corp.*, 217 Ga. App. 423, 426 (1) (457 SE2d 696) (1995) (insured's employees got into an altercation with servicemen who were acting aggressively at a nightclub); and *Dynamic Cleaning Svc. v. First Financial Ins. Co.*, 208 Ga. App. 37 (430 SE2d 33) (1993) (physical precedent only) (cleaning service employee allowed an ex-employee into the building who then stabbed the store manager).

In this case, the victims were not the intended targets of the perpetrator's conduct; their resulting injuries were unintended and unanticipated. In such circumstances, the perpetrator's liability for any tortious or criminal assault and battery upon the victims is based on a legal fiction known as the doctrine of transferred intent. See, e.g., *Happoldt v. State*, 267 Ga. 126, 127 (1) (b) (475 SE2d 627). Under the doctrine of transferred intent, when an unintended victim is injured or killed as a result of an unlawful act actually directed against someone else, the law prevents the actor from taking advantage of his own wrong and transfers the original intent from the one against whom it was directed to the one who actually suffered from it. As the cases relied upon by the trial court do not involve the enforceability of an assault and battery exclusion in a situation involving the doctrine of transferred intent they are not controlling. Also not controlling is the holding of this Court in *Littrell v. Colony Ins. Co.*, 228 Ga. App. 552 (492 SE2d 299) (1997) (innocent bystander struck by same bullet as intended victim). Although, *Littrell*, supra, involves the enforceability of an assault and battery exclusion, the doctrine of transferred intent was not affirmatively addressed by this Court. Issues merely lurking in the record, neither brought to the court's attention nor expressly ruled upon, have not been decided so as to constitute precedent. *Gordy Tire Co. v. Dayton Rubber Co.*, 216 Ga. 83, 89 (1) (114 SE2d 529) (1960).

Before this Court, Eady and Kittles emphasize that they were not targets of an assault but were merely innocent bystanders who were injured unintentionally. They claim that the assault and battery exclusion at issue is ambiguous regarding its application to their unique situation and that the exclusion therefore must be construed in favor of the insured. Eady and Kittles contend their position is supported by *Allstate Ins. Co. v. Justice*, 229 Ga. App. 137 (493 SE2d 532) (1997) (stray bullet struck innocent man sitting in a parked car); *Brown v. St. Paul Fire &c. Co.*, 177 Ga. App. 215 (338 SE2d 721)

714

(1985) (wife accidentally shot during altercation between her spouse and another man); and *Martin v. Chicago Ins. Co.*, 184 Ga. App. 472, 474 (361 SE2d 835) (1987) (insured intentionally drove onto sidewalk to hit a woman and injured bystanders). We have examined these cases and are sympathetic to Eady's and Kittles' contentions.

However, the Supreme Court recently has given a very broad interpretation to the words "arose out of" and "to have been caused by" found in the exclusion clauses of different policies and has found no material distinction exists in the duties and obligations imposed by each. *Jefferson Ins. Co. v. Dunn*, 269 Ga. 213, 216 (496 SE2d 696) (1998). In *Jefferson*, supra at 215, the Court examined the words "arising out of" found in an exclusionary clause and concluded that, by its express terms, such an exclusionary clause is focused solely upon the *genesis* of a plaintiff's claims. If those claims arose out of the excluded culpable conduct, coverage need not be provided. Id. The Court further opined that a claim will be found to have arose out of the excluded culpable conduct if there could be no claim but for that conduct. Id. at 216. Applying the "but for" analysis to this case, as we are required to do, the conclusion is inescapable that but for the assault perpetrated by Roberts there could be no claim by either Eady or Kittles, as the injuries giving rise to their claim would not have occurred.

Accordingly, we are compelled to conclude that the trial court did not err either in granting summary judgment to Capitol or in denying summary judgment to Eady and Kittles. While we have the greatest sympathy for the plight of Eady and Kittles, we are bound by the precedent of the Supreme Court of Georgia. This Court is required to interpret the law and apply it with an even hand; the appellate process affords us no latitude to make adjustments for the ill-earned good fortune of the lucky or, as in this case, the unsolicited and painful misfortune of the unlucky. *Bohannon v. State*, 230 Ga. App. 829, 835 (1) (498 SE2d 316) (1998).

*Judgments affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED MAY 19, 1998 —
RECONSIDERATION DENIED JUNE 2, 1998 —

*Billy C. Mathis, Jr., Caroline A. Cormack*, for appellants (case no. A98A0529).

*Divine, Dorough & Sizemore, Kermit S. Dorough, Jr.*, for appellant (case no. A98A0530).

*Goodman, McGuffey, Aust & Lindsey, William S. Goodman, Leslie S. Sullivan, Tracy M. Culver*, for appellee.