A99A1205. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY v. ERWIN et al.
(525 SE2d 393)

MILLER, Judge.

Nationwide Mutual Fire Insurance Company brought this declaratory judgment action seeking a determination as to its duty to defend its insured Carole Erwin in a tort action filed against her by Neal Weinberg and his professional corporation. Nationwide argued that its homeowner's insurance policy with Erwin did not obligate it to cover the defense because the "business pursuits" provision of the policy excluded coverage. When all parties moved for summary judgment, the trial court granted Erwin's motion and denied Nationwide's, which rulings Nationwide appeals. Because Erwin's alleged wrongful actions were not logically connected to her business pursuits, we affirm.

Summary judgment is proper only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[1] Applying the de novo standard of review to an appeal from a grant of summary judgment, we must view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmoving party.[2]

Viewed in this light, the record shows that Weinberg and his professional corporation contracted with Erwin to manage his law practice. Weinberg later terminated the arrangement, and both parties filed suits to divide the business assets. As part of their suit and as a counterclaim in the Erwin suit, Weinberg and his professional corporation sought recovery for libel, slander, and invasion of privacy, all of which allegedly occurred after Erwin's termination. At the time of the acts, Nationwide insured Erwin under a homeowner's policy that provided coverage for personal liability for personal injury.

"Where the terms and conditions of an insurance contract are clear and unambiguous, they must be given their literal meaning."[3] The policy defined personal injury to include injury resulting from libel, slander, defamation of character, or invasion of privacy rights. But it excluded injuries "arising out of business pursuits of an insured." Nationwide argues that the "business pursuits" exclusion prevents coverage here because the dissolution of the Weinberg-Erwin business relationship was the precipitating cause of Erwin's acts.

Exclusions are to be narrowly construed against the insurer.[4] When determining whether an insurance policy exclusion covered certain conduct, *Jefferson Ins. Co. &c. v. Dunn*[5] reiterated that the exclusionary phrase "arose out of" focused on the genesis of the plaintiff's claim. If the claim arose out of the excluded culpable conduct, the insurance company did not have to provide coverage.[6] Weinberg's claims at issue are based on slander, libel, and privacy invasion acts, all of which occurred during the year after the termination of Erwin's business relationship with Weinberg when Erwin was looking for another job. Not until a year and a half after the termination did Erwin become employed, when she opened her own business auditing medical bills.

The question is whether any of the alleged acts arose out of business pursuits of Erwin. The policy defines "business" as including

---

[1] OCGA § 9-11-56 (c).

[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[3] (Citation omitted.) *Adams v. Atlanta Cas. Co.*, 235 Ga. App. 288, 289-290 (1) (509 SE2d 66) (1998).

[4] *United Svcs. Auto. Assn. v. Lucas*, 200 Ga. App. 383, 384 (1) (408 SE2d 171) (1991).

[5] 269 Ga. 213, 215 (496 SE2d 696) (1998).

[6] *Eady v. Capitol Indem. Corp.*, 232 Ga. App. 711, 714 (502 SE2d 514) (1998).

"trade, profession, or occupation." After termination from Weinberg's firm, Erwin had no trade or profession until she began her medical auditing company. Her occupation (i.e., the principal activity of her life to make a livelihood)[7] was to find a new job. None of the alleged tortious acts arose out of or was logically connected with her looking for a job or her opening a medical bill-auditing business. Because the claims did not arise out of a business pursuit of Erwin, the exclusionary clause of the insurance policy did not apply.

Nationwide counters that the motivation for Erwin's actions was revenge for perceived unfair treatment in the termination of her former business relationship with Weinberg. Personal vendettas, however, do not constitute the pursuit of business, even if motivated by bitterness from a former business relationship. The focus must be on the acts themselves and on their logical connection to furthering the insured's business at the time of their commission.[8] The absence of such a connection here means that the policy covered the claims asserted.

"Where an insurance company seeks to invoke an exclusion contained within its policy, it has the burden of showing that the facts came within the exclusion."[9] Under the undisputed facts, Nationwide failed to meet this burden, and the court did not err in denying its motion for summary judgment. Nor did the court err in granting summary judgment to Erwin.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 16, 1999 —

*Young, Thagard, Hoffman, Scott & Smith, James B. Thagard, Susan H. Sumner*, for appellant.

*Gomez Law Group, Bernadette C. Crucilla, Richard A. Childs*, for appellees.

---

[7] *Larson v. Ga. Farm &c. Ins. Co.*, 238 Ga. App. 674, 675 (520 SE2d 45) (1999); see *State Farm &c. Ins. Co. v. Seeba*, 209 Ga. App. 328, 329 (433 SE2d 414) (1993); *Brown v. Peninsular Fire Ins. Co.*, 171 Ga. App. 507, 508 (320 SE2d 208) (1984).

[8] *Eady*, supra, 232 Ga. App. at 714.

[9] (Citations and punctuation omitted.) *Southern Guaranty Ins. Co. v. Duncan*, 131 Ga. App. 761, 764 (3) (206 SE2d 672) (1974).