| WILLIAMS, J.
Applicant, Shelter Mutual Insurance Company, seeks review of a denial of its motion for summary judgment on a question of insurance coverage. The essential facts are undisputed.
Shelter’s insured, Patsy Walker, filed a sexual harassment lawsuit against Richard and Ronnie Haneline alleging a hostile work environment at Haneline’s Men’s Wear Store where Ms. Walker had been employed as the office manager. However, her claim subsequently was dismissed as a matter of law because Haneline’s did not employ at least 15 persons as required by Louisiana sexual harassment law. Richard and Ronnie Haneline then filed suit against Ms. Walker for defamation and named Shelter as a defendant because Shelter was Ms. Walker’s homeowner’s insurer. Shelter moved for summary judgment based on an exclusion in the homeowner’s policy for personal injury arising out of business pursuits of any insured. However, the trial court denied the motion for summary judgment, finding that the exclusion did not apply because Ms. Walker did not make the allegedly defamatory statements while she was employed at Haneline’s Men’s Wear Store.
Shelter argues that the central issue is the correct interpretation of the words “arising out of’ as used in the insurance policy, and that the words essentially apply a “but for” test to determine whether the exclusion applies. Shelter then argues that “but for” Ms. Walker’s employment at Haneline’s, the sexual harassment claims would not have been made and there would have been no alleged defamation to cause injury to the plaintiffs. Thus, Shelter argues that the trial court erred in concluding that because Ms. |2Walker did *265 not make the allegedly defamatory statements during the time she was employed at Haneline’s, the exclusion did not apply.
We disagree with Shelter’s argument because we find the applicability of the exclusion to turn on the proper interpretation of the term “business pursuits.” Because Ms. Walker was no longer employed at Haneline’s at the time she allegedly made the defamatory statements, we hold that her acts in this regard were not “business pursuits” and thus were not subject to the business pursuits exclusion of the homeowner’s policy. A case adopting this view is Nationwide Mutual Fire Insurance Company v. Erwin, 240 Ga.App. 816, 525 S.E.2d 393 (1999). In Nationwide, the plaintiffs sought recovery for libel, slander, and invasion of privacy following the termination of a business relationship between the plaintiff and Nationwide’s insured. Nationwide provided the insured with homeowner’s coverage which specifically defined personal injury to include defamation, but the policy excluded injuries “arising out of business pursuits of an insured.” Nationwide argued that the exclusion prevented coverage because the dissolution of the contract was the precipitating cause of Nationwide’s insured’s acts. However, the trial court entered summary judgment in favor of the insured on the question of Nationwide’s duty to defend. On appeal, the Georgia appellate court noted that exclusions are to be narrowly construed against an insurer, and that under Georgia jurisprudence, when determining whether an insurance policy exclusion covers certain conduct, the exclusionary phrase “arose out of’ focuses on the genesis of the plaintiffs claim. The court then noted that the plaintiffs claims were based on acts that occurred during the year after the termination of the business | ^relationship between the plaintiff and Nationwide’s insured. Under those circumstances, the court concluded that the alleged acts did not arise out of a business pursuit of the insured because, after termination, the insured had no trade or profession until she began her own business.
The court also noted that Nationwide argued the motivation for its insured’s actions was revenge for perceived unfair treatment in the termination of her former business relationship with the plaintiff. However, the court stated that personal vendettas did not constitute the pursuit of business, even if motivated by bitterness from a former business relationship. Instead, the court stated that the focus had to be on the acts themselves and on their logical connection to furthering the insured’s business at the time of the act’s commission. The absence of such a connection meant that the policy in that case covered the claims asserted.
As in Nationwide, the homeowner’s policy in this case specifically defines personal injury to include defamation, and the jurisprudence of this state, like that of Georgia, narrowly construes exclusions against the insurer. Furthermore, as in Nationwide, the alleged defamation occurred after the insured’s employment relationship had ended. Thus, at the time of the alleged acts’ commission, no logical connection existed between the alleged acts and the furtherance of the insured’s business pursuits. Accordingly, we hold that the exclusion does not apply to bar coverage under the policy in the instant case, and that the trial court correctly denied applicant’s motion for summary judgment. The writ is hereby denied.
WRIT DENIED.