## A97A1479. SOUTHERN et al. v. SPHERE-DRAKE INSURANCE COMPANY, INC.
### (486 SE2d 674)

Judge Harold R. Banke.

The instant case arose from a determination of insurance coverage relating to an incident at Kingshead Pub ("Kingshead") in which Danny Southern and Diane Key Cart were allegedly injured during an altercation involving Kingshead's employees. Southern and Cart asserted claims for assault and battery, malicious prosecution, false arrest, and false imprisonment. In addition, they alleged their injuries resulted from Kingshead's negligent hiring, training and supervision of its employees. Southern and Cart sought compensatory and punitive damages.

Kingshead's insurer, Sphere-Drake Insurance Company, Inc. ("Sphere-Drake") sought declaratory relief, contending the liability coverage sought fell outside Kingshead's general liability insurance policy. After Sphere-Drake moved for summary judgment, Southern and Cart again amended their complaint to allege in the alternative that their injuries and damages were the result of negligence or negligent acts.

It is undisputed that the subject policy contains the following assault and battery/negligent hiring exclusion: "Notwithstanding anything contained to the contrary, it is understood and agreed that this policy excludes claims arising out of: 1. Assault and Battery, whether caused by or at the instruction of, or at the direction of or negligence of the insured, his employees, patrons, or any causes

whatsoever and; 2. Allegations that the insured's negligent acts, error or omissions in connection with the hiring, retention, supervision or control of employees, agents or representatives caused, contributed to, related to or accounted for the assault and battery." The insurance policy at issue also contains a punitive damages exclusion endorsement.

The trial court determined that neither Kingshead nor its employees were entitled to insurance coverage for any claims arising out of the alleged altercation and its aftermath. In its order, the court noted, "Southern and Cart cannot amend their Original Complaint to include allegations of general negligence simply to avoid non-coverage on the claims raised in the Original Complaint. For these reasons, the Court finds that summary judgment in favor of Plaintiff Sphere-Drake is proper on all negligence claims raised in the Amended Complaint." Southern and Cart appeal summary judgment granted to Sphere-Drake. *Held*:

Southern and Cart contend that summary judgment was precluded by unresolved questions of material fact. At the outset, we note that Southern and Cart had a right to amend their complaint regardless of whether the negligence theories raised in the amended complaint were inconsistent with the intentional torts asserted in their earlier complaint. Parties may set forth inconsistent claims and theories and may freely amend their complaint prior to the entry of a pretrial order. OCGA §§ 9-11-8 (e) (2); 9-11-15 (c); *D. H. Overmyer Co. v. Kapplin*, 122 Ga. App. 51, 53 (1) (176 SE2d 207) (1970) (plaintiff has right to plead inconsistent, alternative theories).

Nevertheless, the trial court properly granted Sphere-Drake's motion for summary judgment notwithstanding Southern and Cart's unsuccessful belated effort to incorporate claims for negligence. See *Precise v. City of Rossville*, 261 Ga. 210, 211 (3) (403 SE2d 47) (1991) (judgment right for any reason will be affirmed). Regardless of whether Southern and Cart assert that their injuries were deliberately or negligently inflicted, there is no coverage according to the plain and unambiguous policy language.

Where an insurance contract provision is clear and unambiguous, its interpretation is a matter for the court. *Marsh v. Chrysler Ins. Co.*, 169 Ga. App. 639, 640 (1) (314 SE2d 475) (1984); *Pacific Indem. Co. v. N.A., Inc.*, 120 Ga. App. 793, 794 (1) (172 SE2d 192) (1969); see OCGA § 13-2-1. Under the terms of the assault and battery/negligent hiring exclusion, assault and battery arising from any cause including negligent acts was not covered. See *Al Who Enterprises v. Capitol Indem. Corp.*, 217 Ga. App. 423, 426 (1) (457 SE2d 696) (1995); see also *Dynamic Cleaning Svc. v. First Financial Ins. Co.*, 208 Ga. App. 37 (430 SE2d 33) (1993) (physical precedent only).

Notwithstanding Southern and Cart's efforts to misconstrue the

unambiguous policy language, no coverage was available for their claims for false imprisonment, false arrest, and malicious prosecution. The policy at issue defined an "occurrence" as an "accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." By definition, false arrest, false imprisonment and malicious prosecution do not occur by accident and are not accidental in nature.[1] OCGA §§ 51-7-1; 51-7-20; 51-7-40; see Adams, Ga. Law of Torts (1996 ed.), §§ 29-4–29-5. Finally, the punitive damage exclusion endorsement specifically foreclosed coverage for those damages. OCGA § 13-2-1; *Binswanger Glass Co. v. Beers Constr. Co.*, 141 Ga. App. 715, 716 (1) (234 SE2d 363) (1977). For these reasons, Sphere-Drake was entitled to summary judgment as a matter of law. OCGA § 9-11-56 (c).

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED MAY 13, 1997.

Before Judge Flournoy.
*Barry Staples, L. Chandler Vreeland,* for appellants.
*Alan I. Begner, Scott M. Zahler, Charles M. Goetz, Jr., Benjamin T. Hughes,* for appellee.

---

[1] Moreover, under Georgia law, there is no such tort as "negligent false imprisonment." *Stewart v. Williams,* 243 Ga. 580, 581-582 (255 SE2d 699) (1979).