A04A0140. PILZ et al. v. MONTICELLO INSURANCE COMPANY.
A04A0141. THIBODEAU et al. v. MONTICELLO INSURANCE COMPANY.
(599 SE2d 220)

JOHNSON, Presiding Judge.

Monticello Insurance Company issued a liability insurance policy to Joy's Playschool/Child Care, Inc., a day care center owned by Andrew Dave Pilz and Joy Pilz. The issue on appeal is whether Monticello has a duty to defend Joy's Playschool and the Pilzes against a suit for damages by James Thibodeau and Michelle Thibodeau, in their individual capacities and as next friends of their minor child, Tyler Thibodeau.

According to the underlying complaint, Tyler Thibodeau was enrolled in Joy's Playschool on January 15, 1997. The complaint alleges that on that date Dave Pilz, acting as the disciplinarian for the day care center, took Tyler Thibodeau to a shed, "during which time Dave Pilz verbally and physically attacked Tyler Thibodeau, bloodied his nose, and caused several injuries, both mental and physical, to the person of Tyler Thibodeau." After being served with the complaint, the Pilzes notified Monticello and demanded that Monticello provide a defense to the Thibodeaus' lawsuit.

Monticello subsequently filed a complaint against the Pilzes, the Thibodeaus, and Joy's Playschool seeking a declaratory judgment that its insurance policy did not provide coverage for the Thibodeaus' claims and that Monticello had no duty to defend the Pilzes or Joy's Playschool in the underlying litigation. The trial court granted summary judgment to Monticello. The Pilzes appeal the trial court's grant of summary judgment to Monticello in Case No. A04A0140, and the Thibodeaus appeal the trial court's grant of summary judgment to Monticello in Case No. A04A0141. These appeals have been consolidated.

When reviewing the grant or denial of a motion for summary judgment, this Court conducts a de novo review of the law and the evidence.[1] To prevail at summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[2]

The controlling issue is whether the insurance policy covers any of the claims asserted by the Thibodeaus in their underlying complaint. "An insurer's duty to defend is determined by comparing the allegations of the complaint with the provisions of the policy."[3] These claims included assault and battery, "negligent performance of a contractual obligation," negligence, false imprisonment, negligence per se, negligent retention, and intentional infliction of emotional distress. The Thibodeaus and the Pilzes contend that not all of these claims are excluded under the terms of the policy. We disagree.

In relevant part, the policy provides that Monticello will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury." Monticello further agrees to defend the insured against any suit seeking such damages. However, an endorsement to the policy unambiguously states that its insurance does not apply to bodily injury "arising out of assault and battery or out of any act or omission in connection with the prevention or suppression of such act." And another endorsement excludes coverage for "any claim made . . . against any insured arising out of or resulting from physical or sexual abuse, including any allegation thereof, of . . . any . . . person whose care is entrusted to any insured under this policy."

"[U]nder the rules of contract construction, the policy is construed against [the insurer] as the drafter of the policy and any

[1] *Reece v. Chestatee State Bank*, 260 Ga. App. 136 (579 SE2d 11) (2003).
[2] See OCGA § 9-11-56; *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).
[3] *Batson-Cook Co. v. Aetna Ins. Co.*, 200 Ga. App. 571, 572 (409 SE2d 41) (1991).

exclusions from coverage are strictly construed."[4] However, if the policy exclusions are unambiguous they must be given effect "even if beneficial to the insurer and detrimental to the insured. We will not strain to extend coverage where none was contracted or intended."[5]

Applying these standards, we conclude that the Thibodeaus' assault and battery claim is clearly excluded from coverage under the policy. The Thibodeaus and the Pilzes contend that, even if the claims for assault and battery are excluded, the policy is ambiguous as to coverage of the remaining claims. In *Continental Cas. Co. v. HSI Financial Svcs.*,[6] our Supreme Court considered an exclusionary clause in a professional liability insurance policy that barred coverage for claims "arising out of" certain dishonest, fraudulent, or criminal acts by members of a law firm.[7] The underlying complaint alleged conduct that was clearly excluded by the policy, but was amended to assert a claim for negligent supervision. The Supreme Court found that the policy did not cover the negligence claim because "by its express terms, the exclusionary clause is focused solely upon the genesis of [the plaintiff's] claims — if those claims arose out of [the insured's] culpable conduct, as they did, then coverage need not be provided."[8]

Similarly, in *Jefferson Ins. Co. of New York v. Dunn*,[9] the Supreme Court considered whether an exclusion in an insurance policy for injuries and death alleged to be "caused by assault and/or battery" was sufficient to bar coverage for the plaintiff's claims for negligent hiring, negligent supervision, and malicious prosecution. The underlying complaint alleged that the plaintiff was injured as a result of having been beaten by an employee of the insured. The Court, finding that " 'but for' an assault and battery caused by the employee, there could be no claim against [the insured],"[10] held that coverage was excluded under the policy. The policy at issue here excludes claims "arising out of" an assault and battery. Because the exclusion focuses on the origin of the claims, we find that, as in *Continental Cas. Co.* and *Jefferson Ins. Co.*, the Thibodeaus' claims for damages from the assault and battery, including the negligence claims that would not

---

[4] *Old Republic Union Ins. Co. v. Floyd Beasley & Sons, Inc.*, 250 Ga. App. 673, 677-678 (1) (551 SE2d 388) (2001).

[5] (Citations and punctuation omitted.) *Jefferson Ins. Co. &c. v. Dunn*, 269 Ga. 213, 216 (496 SE2d 696) (1998).

[6] 266 Ga. 260 (466 SE2d 4) (1996).

[7] Id. at 261-262.

[8] Id. at 262.

[9] 269 Ga. 213 (496 SE2d 696) (1998).

[10] (Emphasis omitted.) Id. at 216.

have arisen but for the alleged assault and battery, are not covered by the policy.

The Thibodeaus and Pilzes argue that *Continental Cas. Co.* and *Jefferson Ins. Co.* are distinguished by the Thibodeaus' claim for false imprisonment. They contend that false imprisonment is not excluded under the policy, and the claim for false imprisonment does not arise from the same acts that support the claim for assault and battery. We need not decide, however, whether the policy exclusions extend to false imprisonment because the policy does not provide coverage for injury arising out of an act of false imprisonment.

The policy provides that "[t]his insurance applies to 'bodily injury' and 'property damage' only if: (1) the 'bodily injury' or 'property damage' is caused by an 'occurrence.' . . ." "Occurrence" is defined as an "accident, including continuous or repeated exposure to substantially the same general harmful condition." Because false imprisonment is an intentional act,[11] and not in the nature of an accident, we conclude that the policy does not cover bodily injury caused by false imprisonment.

A similar issue arose in *Southern v. Sphere-Drake Ins. Co.*[12] The plaintiffs in the underlying action were injured in an altercation with the insured's employees. The plaintiffs asserted a number of claims against the insured, including false imprisonment. We concluded that the policy did not provide coverage:

> The policy at issue defined an "occurrence" as an "accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." By definition, false arrest, false imprisonment and malicious prosecution do not occur by accident and are not accidental in nature.[13]

Because the insurance policy does not insure against any of the causes of action set forth in the underlying complaint, Monticello had no duty to defend against the Thibodeaus' claims. The trial court properly granted summary judgment to Monticello in its declaratory judgment action.

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

---

[11] OCGA § 51-7-20; *Collier v. Evans*, 199 Ga. App. 763, 764 (1) (406 SE2d 90) (1991) (false imprisonment is an intentional tort).

[12] 226 Ga. App. 450 (486 SE2d 674) (1997).

[13] Id. at 452.

DECIDED APRIL 28, 2004 —
RECONSIDERATION DENIED MAY 12, 2004 —

*Edenfield, Cox, Bruce & Classens, Gerald M. Edenfield, Marc M. Bruce,* for appellants (case no. A04A0140).

*Franklin, Taulbee, Rushing, Snipes & Marsh, William K. McGowan,* for appellants (case no. A04A0141).

*Bodker, Ramsey, Andrews, Winograd & Wildstein, Stephen C. Andrews, Drew, Eckl & Farnham, W. Wray Eckl,* for appellee.