A07A0759. McCOMBS v. GEORGIA NATURAL GAS COMPANY.
(644 SE2d 277)

BLACKBURN, Presiding Judge.

In this personal injury action arising out of a 1995 accident, Marty McCombs appeals the grant of summary judgment to Georgia Natural Gas Company, which judgment was based on the application of the five-year dismissal rule set forth in OCGA § 9-2-60. We agree with the trial court that the previous action between the parties was automatically dismissed for want of prosecution; since the present action was not renewed within six months of that dismissal, the applicable two-year statute of limitation barred the present action. Accordingly, we affirm.

The undisputed record shows that on March 26, 1997, McCombs filed an action in Wayne County against Georgia Natural Gas to recover for injuries from a 1995 accident allegedly caused by the negligence of Georgia Natural Gas. The court entered no orders in the case except for several form orders in 1999, 2000, and 2001, each of which announced the scheduling of pretrial conferences and ordered the parties to submit a combined proposed pretrial order on the day before each respective conference. No proposed pretrial order appears in the record.

McCombs voluntarily dismissed the Wayne County action in December 2004 and then re-filed the action as a renewal action in Fulton County in May 2005. Citing the two-year statute of limitation (see OCGA § 9-3-33), Georgia Natural Gas moved for summary judgment in Fulton County, arguing that the prior action had been automatically dismissed more than six months before the filing of the renewal action and therefore could not serve as protection against the statute of limitation. Cf. OCGA § 9-2-60 (c). The trial court agreed and granted summary judgment to Georgia Natural Gas. McCombs appeals.

OCGA § 9-2-60 (b) provides: "Any action or other proceeding filed in any of the courts of this state in which no written order is taken for a period of five years shall automatically stand dismissed with costs to be taxed against the party plaintiff." If an action is so dismissed, the plaintiff has six months to recommence the action if plaintiff

wants the renewed action to stand on the same footing, as to a statute of limitation, with the original action. OCGA § 9-2-60 (c).

Here, the only orders entered by the court[1] in the Wayne County action were orders announcing the scheduling of pretrial conferences and directing the parties to submit a combined pretrial order before each such conference. Unless these orders qualify as orders under OCGA § 9-2-60 (b), then the Wayne County action was automatically dismissed as of March 27, 2002. See *Ga. Power Co. v. Whitmire*[2] (the five-year period is computed from the date of filing).

The Supreme Court of Georgia in *Dept. of Transp. v. Tillett Bros. Constr. Co.*[3] set forth the criteria that an order must meet to qualify as an order under OCGA § 9-2-60 (b). Such orders must be "written, signed by the court, and filed in the court records." *Tillett Bros.*, supra, 264 Ga. at 221. Additionally, the Court held that the order must be in response to a motion initiated by a party. Id. The Court explained:

> [Not] every directive signed by a trial court that is made or may be deemed part of the record is an order within the meaning of § 9-2-60 (b). The primary purpose of the statute is to protect litigants from dilatory counsel. Accordingly, an order as contemplated by the statute is an order entered by a court in response to a motion initiated by a party. House-keeping orders entered on the court's own motion, such as an order entered by the court removing a case from an active trial calendar because of its age or a pretrial calendar which contains a specific order directed at the attorneys and parties in all cases listed on such calendar, are not initiated by a party and would not toll the statute.

(Citation omitted.) Id. See *Goodwyn v. Carter*[4] ("The order must be initiated by a party instead of being a mere housekeeping administrative order initiated by the trial court."). Thus, orders transferring the case to another judge (*Center Developers v. Southern Trust Ins. Co.*[5]), rule nisi orders directing a party to show cause (*Beck v. Dean*[6]),

---

[1] Georgia Natural Gas also argues that the orders did not qualify as orders under OCGA § 9-2-60 (b) because they were not signed by the trial judge but only contained the clerk's typewritten placement of "S/A. BLENN TAYLOR, JR.," "S/A. BLENN TAYLOR" or "S/ JAMES R. TUTEN" on the signature line for the judge. Because we hold that the orders were otherwise insufficient to qualify as orders under OCGA § 9-2-60 (b), we do not address this argument.

[2] *Ga. Power Co. v. Whitmire*, 146 Ga. App. 29, 31-32 (I) (b) (245 SE2d 324) (1978).

[3] *Dept. of Transp. v. Tillett Bros. Constr. Co.*, 264 Ga. 219 (443 SE2d 610) (1994).

[4] *Goodwyn v. Carter*, 252 Ga. App. 114, 116 (555 SE2d 474) (2001).

[5] *Center Developers v. Southern Trust Ins. Co.*, 275 Ga. App. 843, 845 (622 SE2d 31) (2005).

[6] *Beck v. Dean*, 177 Ga. App. 144, 145 (1) (338 SE2d 693) (1985).

and pretrial instructions bearing the judge's printed signature (*Majors v. Lewis*[7]), have not qualified as orders under OCGA § 9-2-60 (b).

Similarly, the administrative orders here do not qualify. Entered on the court's own motion, these housekeeping orders merely announced pretrial conferences and directed the parties to submit a combined pretrial order. None of these showed any initiative by counsel, and thus the case was automatically dismissed as of March 27, 2002. Accordingly, the trial court correctly entered summary judgment in favor of Georgia Natural Gas, as McCombs did not renew his action within six months of March 27, 2002, and thus was barred from bringing the present action outside the two-year statute of limitation. See *Goodwyn*, supra, 252 Ga. App. at 117.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED FEBRUARY 16, 2007 — 

*Phillips & Kitchings, Richard Phillips*, for appellant.
*Inglesby, Falligant, Horne, Courington & Chisholm, Sam P. Inglesby, Jr.*, for appellee.

