A06A2186. FIRST SPECIALTY INSURANCE CORPORATION, INC. v. FLOWERS et al.
(644 SE2d 453)

BERNES, Judge.

First Specialty Insurance Corporation, Inc. filed this declaratory judgment action seeking a determination that the assault and battery exclusion contained in its commercial general liability policy barred coverage to its insured for damages claims arising from a shooting on the insured's premises. The trial court denied summary judgment to First Specialty. We granted First Specialty's application for interlocutory appeal and now reverse.

> To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law. OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

*Greer v. Provident Bank*, 282 Ga. App. 566 (639 SE2d 377) (2006). Our review is de novo. *Reece v. Chestatee State Bank*, 260 Ga. App. 136 (579 SE2d 11) (2003).

Construed in this manner, the record reflects that First Specialty issued a commercial general liability policy to Jerome Yeh d/b/a Lakewood Heights Apartments for the period of April 1, 2002 to April 1, 2003. The insurance policy provided liability coverage of up to $1,000,000 per "occurrence" on the Lakewood premises. The policy also contained the following assault and battery exclusion:

> In consideration of the premium charged, it is hereby understood and agreed that this insurance does not apply to claims or "suits" for "bodily injury", "personal injury" or death caused by or arising directly or indirectly out of or from an assault or assault and battery of any nature whatsoever,

whether or not committed by or at the direction of the Insured, his employees, patrons, or any causes whatsoever.

On August 22, 2002, Michael A. Stafford went to Lakewood after he was invited there by an apartment guest. As Stafford was getting out of his car, an individual forced his way into the car, produced a gun, robbed Stafford, and then shot and killed him. Subsequently, the legal representatives of Stafford's minor children brought a wrongful death action against several parties, including Yeh. They alleged that Yeh had failed to take reasonable steps to keep the Lakewood premises safe, despite having knowledge that multiple prior instances of criminal activity had occurred on the premises.

Yeh demanded that First Specialty provide him with a legal defense and indemnify him with respect to any judgment entered in the wrongful death action. First Specialty agreed to defend Yeh but under a reservation of rights. First Specialty then filed the instant declaratory judgment suit against Yeh and the legal representatives of Stafford's children, seeking a ruling that it had no duty to defend or indemnify Yeh based on the assault and battery exclusion. Relying upon the exclusion, First Specialty moved for summary judgment. The trial court denied the motion.

On appeal, First Specialty contends that the trial court erred in denying its motion for summary judgment because coverage for the wrongful death claims asserted against Yeh was barred as a matter of law by the assault and battery exclusion.[1] Under Georgia law, an insurer seeking to invoke a policy exclusion carries the burden of proving its applicability in a given case. *Furgerson v. Cambridge Mut. Fire Ins. Co.*, 237 Ga. App. 637, 638 (1) (516 SE2d 350) (1999). An insurer can carry its burden of showing that a policy exclusion applies by relying exclusively upon the allegations against the insured in the underlying complaint. *St. Paul Reinsurance Co. v. Ross*, 276 Ga. App. 135, 139 (1) (622 SE2d 374) (2005).[2]

---

[1] The appellees suggest that we need not even reach the question of how broadly to interpret the assault and battery exclusion because First Specialty made a binding admission in a correspondence that the exclusion did not apply. But, the correspondence to which the appellees refer was attached to a brief filed by First Specialty in this Court supporting its original application for interlocutory appeal and appears nowhere in the trial court record. "Attachments to . . . briefs do not constitute evidence and are insufficient to establish facts." (Citation and punctuation omitted.) *Kappelmeier v. HSBC USA*, 280 Ga. App. 349, 351, n. 5 (634 SE2d 133) (2006).

[2] If the insurer meets its burden, "the burden then shifts to the [insured] to come forward with other evidence creating a genuine issue of fact over whether the exclusion is applicable." (Emphasis omitted.) *St. Paul Reinsurance Co.*, 276 Ga. App. at 139 (1). However, in the present case, the appellees did not introduce any other evidence pertaining to the exclusion issue. As such, resolution of this case turns solely on the allegations of the underlying complaint.

Paragraph 12 of the underlying complaint alleges: "As Michael A. Stafford prepared to exit his car at Lakewood, an individual forced his way into the car, produced a gun, robbed Michael A. Stafford, and then shot and killed Michael A. Stafford." Based on the allegations in paragraph 12, First Specialty contends that the complaint unambiguously falls within the assault and battery exclusion contained in the insurance policy.

We agree. "Where an insurance contract provision is clear and unambiguous, its interpretation is a matter for the court." *Southern v. Sphere-Drake Ins. Co.*, 226 Ga. App. 450, 451 (486 SE2d 674) (1997). "[I]f the policy exclusions are unambiguous they must be given effect even if beneficial to the insurer and detrimental to the insured. We will not strain to extend coverage where none was contracted or intended." (Punctuation and footnote omitted.) *Pilz v. Monticello Ins. Co.*, 267 Ga. App. 370, 372 (599 SE2d 220) (2004).

By its clear terms, the assault and battery exclusion at issue here applies to any claim or suit for bodily injury or death arising out of an assault and battery committed on the Lakewood premises, regardless of who committed the assault and battery. See, e.g., *Capitol Indem. v. Brown*, 260 Ga. App. 863 (581 SE2d 339) (2003); *Eady v. Capitol Indem. Corp.*, 232 Ga. App. 711 (502 SE2d 514) (1998); *Boomer's v. Whitney*, 226 Ga. App. 195 (486 SE2d 59) (1997); *Dynamic Cleaning Svc. v. First Financial Ins. Co.*, 208 Ga. App. 37 (430 SE2d 33) (1993) (physical precedent only). Given its broad scope, the assault and battery exclusion clearly bars the appellees' claims, which would not have arisen but for the alleged assault and battery committed against Stafford on the Lakewood premises. See *Pilz*, 267 Ga. App. at 372 (applying "but for" test to determine whether claims were barred by assault and battery exclusion); *Continental Cas. Co. v. H.S.I. Financial Svcs.*, 266 Ga. 260, 262 (466 SE2d 4) (1996) (same).[3]

Relying on the modifying phrase "or any causes whatsoever" contained in the assault and battery exclusion, appellees contend that the exclusion is ambiguous and that, as a result, the policy must be construed in their favor to afford coverage. In support of their contention, the appellees rely upon *Ga. Baptist Children's Homes &c. v. Essex Ins. Co.*, 207 Ga. App. 346 (427 SE2d 798) (1993). In *Ga. Baptist*, we addressed a sexual abuse exclusion that stated:

---

[3] The appellees contend that the underlying complaint did not allege an assault and battery because it did not explicitly allege that the perpetrator intended to harm Stafford. This argument is without merit. The underlying complaint alleges that "an individual forced his way into [Stafford's] car, produced a gun, robbed . . . Stafford, and then shot and killed . . . Stafford." As such, the complaint clearly alleges actions by a perpetrator that cannot be construed as anything other than intentional.

> such coverage as is provided by this policy shall not apply to any claim, demand and causes of action arising out of or resulting from either sexual abuse or licentious, immoral or sexual behavior intended to lead to, or culminating in any sexual act, whether caused by, or at the instigation of, or at the direction of, or omission by, the insured, his employees, patrons *or any causes whatsoever.*

(Emphasis supplied.) Id. at 346 (1). We determined that the italicized phrase rendered the entire exclusion ambiguous, which in turn led us to construe the exclusion in favor of the insured so as to afford coverage under the policy. Id. at 347-348 (1). The appellees contend that the same result should obtain here.

We disagree. The assault and battery exclusion at issue in the present case contains similar phraseology, but is contextually different from the exclusion in *Ga. Baptist.* Here, the exclusion states that it applies to bodily injury or death arising out of an assault and battery *"whether or not* committed by or at the direction of the Insured, his employees, patrons, or any causes whatsoever." (Emphasis supplied.) Inclusion of the phrase "whether or not" is significant and makes clear that the exclusion is intended to apply to all instances of assault and battery occurring on the Lakewood premises. See *Dynamic Cleaning Svc.*, 208 Ga. App. at 39 (holding that exclusion unambiguously barred any "claim based on assault and battery," when exclusion stated that it applied to an assault and battery *"whether or not* committed by or at the direction of the insured") (emphasis supplied). Given this critical difference in contractual language, the exclusion in the instant action is materially different from the exclusion in *Ga. Baptist,* and the appellees' reliance on that case therefore is misplaced.

For these reasons, we conclude that the assault and battery exclusion contained in the general commercial liability policy issued by First Specialty bars coverage of the appellees' claims in the underlying wrongful death action. The trial court thus erred in denying summary judgment to First Specialty.

*Judgment reversed. Barnes, C. J., and Andrews, P. J., concur.*

DECIDED MARCH 27, 2007.

*Swift, Currie, McGhee & Hiers, Robert S. Huestis, Lynn M. Roberson,* for appellant.

*Stokes, Lazarus & Carmichael, William K. Carmichael, Webb & Zagoria, Michael G. Webb,* for appellees.