### A08A1089. PILZ et al. v. THIBODEAU et al.
(667 SE2d 622)

ELLINGTON, Judge.

Dave Pilz, Joy Pilz and Joy's Playschool-Childcare, Inc. (collectively, "the defendants") appeal from the trial court's denial of their motion to dismiss the personal injury suit brought by Tyler Thibodeau and his parents, James and Michelle Thibodeau (collectively, "the plaintiffs").[1] The defendants contend that, because the court had not filed a written order in the suit between May 3, 2001, and May 3, 2006, the suit stood automatically dismissed as of the latter date. In the alternative, they argue that the court should have dismissed the suit on the basis of laches. For the following reasons, we reverse.

1. The defendants contend the trial court erred in denying their motion to dismiss the plaintiffs' complaint pursuant to the five-year dismissal rule, which is codified in OCGA §§ 9-2-60 (b) and 9-11-41 (e). OCGA § 9-2-60 (b) states as follows: "Any action or other proceeding filed in any of the courts of this state in which no written order is taken for a period of five years shall automatically stand dismissed with costs to be taxed against the party plaintiff."[2] This provision is "mandatory and dismissal occurs by operation of law. In order to break the running of the five-year dormancy period[,] the order has to be in writing, signed and entered." (Citations omitted.) *Loftin v. Prudential Property &c. Ins. Co.*, 193 Ga. App. 514 (388 SE2d 525) (1989).

The record shows that the plaintiffs filed a personal injury suit against the defendants on January 6, 1999, asserting claims for both negligent and intentional torts.[3] On May 3, 2001, the trial court entered an order denying the plaintiffs' motion for a protective order. Then, on March 31, 2006, within the five-year dismissal period, the trial court sent a notice of jury selection to the parties.

On appeal, the defendants argue that the jury selection notice does not meet the requirements for an order that would toll the running of the five-year dismissal period. We agree.

---

[1] This Court granted the defendants' application for interlocutory appeal. OCGA § 5-6-34 (b).

[2] OCGA § 9-11-41 (e) contains an almost identical provision.

[3] For more facts concerning the allegations of the complaint, see *Pilz v. Monticello Ins. Co.*, 267 Ga. App. 370, 370-371 (599 SE2d 220) (2004).

The Supreme Court of Georgia recently ruled that an order tolls the running of the five-year dismissal period in OCGA §§ 9-2-60 (b) and 9-11-41 (e) if the order is in writing, signed by the trial judge, and properly entered in the records of the trial court. *Zepp v. Brannen*, 283 Ga. 395, 398 (658 SE2d 567) (2008);[4] see also *Prosser v. Grant*, 224 Ga. App. 6, 6-7 (2) (479 SE2d 775) (1996) ("Dismissal [under OCGA § 9-11-41 (e)] cannot be avoided even by obtaining a written order signed by the trial court until such order is duly entered in the record by filing it with the clerk.") (citations omitted). The record in this case shows that the March 2006 jury selection notice was not stamped by the clerk of court's office as "filed," and there is nothing else in the record to show that the notice was properly entered in the records of the court. Thus, the jury selection notice did not meet the requirements for a written order which tolls the five-year dismissal period of OCGA §§ 9-2-60 (b) and 9-11-41 (e). See *Zepp v. Brannen*, 283 Ga. at 398; *Prosser v. Grant*, 224 Ga. App. at 6-7 (2). Consequently, the complaint stood automatically dismissed as of May 3, 2006, and the trial court erred in denying the defendants' motion to dismiss on this basis.

2. Given our ruling in Division 1, supra, the defendants' remaining argument is moot.

3. Finally, the plaintiffs' motion to dismiss the defendants' appeal is denied.

*Judgment reversed. Blackburn, P. J., and Miller, J., concur.*

DECIDED AUGUST 22, 2008 — RECONSIDERATION DENIED
SEPTEMBER 15, 2008 — ▮▮▮▮▮▮▮▮▮▮▮

*Edenfield, Cox, Bruce & Classens, Gerald M. Edenfield, Benjamin J. Colson*, for appellants.

---

[4] The Court also expressly disapproved of certain cases, including those upon which the defendants rely, to the extent that the cases held that "housekeeping orders" (for example, orders that are not entered in response to a motion by a party, but that otherwise meet the requirements listed above) do not toll the running of the five-year dismissal period. *Zepp v. Brannen*, 283 Ga. at 398. See, e.g., *Dept. of Transp. v. Tillett Bros. Constr. Co.*, 264 Ga. 219, 221 (443 SE2d 610) (1994) (noting, in dicta, that in order to toll the five-year dismissal period, the trial court's order must have been entered in response to a motion initiated by a party), disapproved by *Zepp v. Brannen*, 283 Ga. at 398; *McCombs v. Ga. Natural Gas Co.*, 283 Ga. App. 618, 619-620 (644 SE2d 277) (2007) (holding that orders announcing the scheduling of pretrial conferences and directing the parties to submit a combined pretrial order before each such conference were not initiated by either party and were "housekeeping orders" that did not toll the five-year dismissal period), overruled, *Zepp v. Brannen*, 283 Ga. at 398.

*Franklin, Taulbee, Rushing, Snipes & Marsh, William K. McGowan*, for appellees.