[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-12058

Non-Argument Calendar

_____

STAFFORD TRANSPORT OF MICHIGAN, INC.,
d.b.a CEI,
d.b.a. Custom Ecology,
GREAT AMERICAN ALLIANCE INSURANCE COMPANY,

Plaintiffs-Appellees,
Counter Defendants,

*versus*

CRUM & FORSTER SPECIALTY INSURANCE COMPANY,

Defendant-Appellant,
Counter Claimant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-05329-VMC

_____

Before WILLIAM PRYOR, Chief Judge, and LAGOA and WILSON, Circuit Judges.

PER CURIAM:

Crum & Forster Specialty Insurance Company appeals the summary judgment in favor of Stafford Transport of Michigan, Inc., and Great American Alliance Insurance Company. The district court ruled that Crum owed insurance coverage for the workers' compensation claim Steven Brock filed against Stafford and Great American. We affirm.

Brock suffered injuries that rendered him a quadriplegic in an accident while driving a truck hauling Stafford's waste. Brock was an authorized driver for Kenneth Carver Trucking Company, LLC, which entered into an independent-contractor lease agreement with Stafford on May 11, 2021, to supply trucks and drivers to Stafford. The agreement stated that Kenneth Carver Trucking's drivers were not Stafford employees. Kenneth Carver Trucking did not have workers' compensation insurance covering Brock at the time of his accident. But Stafford maintained three insurance policies to cover drivers injured while hauling its loads: a workers' compensation policy for Stafford employees issued by Great American, an occupational-accident policy issued by United States Fire

24-12058                 Opinion of the Court                 3

Insurance Company, and a contingent-liability policy issued by Crum. The contingent-liability policy stated that Crum had a duty to defend a claim for benefits covered by the policy and a duty to pay workers' compensation benefits:

> We will pay promptly when due the benefits required of you or your workers compensation insurance company by the workers' compensation law but only in the event said amounts are payable as the result of a determination by the appropriate state regulatory authority or a court of law that a covered person is an employee of you.

The definition section included a provision defining "covered person":

> Covered Person(s) is defined as and limited to Owner/Operators and Contractors of an Insured who:
>
> 1. Have a written covered contract with a Named Insured;
>
> 2. Is covered under a primary Occupational Accident Policy approved by the Insurance Company;
>
> 3. Whose name is on file with the Insurance Company or its administrator; and
>
> 4. Is not (prior to a claim under this policy) a statutory employee of an insured or another covered person.

The definition section also defined a "Covered Contract" as "a fully executed contract between a Covered Person and a Named Insured under this policy which contains provisions which require

that the Covered Person" has certain responsibilities, such as maintaining the truck, being responsible for operating costs, and hiring personnel as an independent contractor. The policy also contained exclusions, including for "[a]ny claim brought by a person legally acknowledged by the Named Insured or a Covered Person as an employee."

Brock qualified for coverage under the occupational-accident policy, but he rejected that offer of coverage, which was limited to $1 million. On September 9, 2021, Brock filed a claim against Stafford and Great American before the Georgia State Board of Workers' Compensation seeking payment of workers' compensation benefits as Stafford's statutory employee. Great American demanded that Crum defend Stafford against the claim. Crum's third-party claims administrator sent a reservation of rights letter explaining that it was willing to pay benefits to Brock under the occupational-accident policy and to defend Stafford but that it was still investigating whether Brock was a covered person under the contingent-liability policy or whether exclusions within the policy applied. Stafford entered into a consent agreement with Brock stating that he was a statutory employee of Stafford. Crum then confirmed that it would not extend coverage under the contingent-liability policy because Brock was not a covered person under the contract as an "Owner/Operator" or "Contractor" of Stafford and did not have a fully executed contract with Stafford.

Stafford and Great American filed a complaint against Crum in Georgia court alleging claims of breach of contract and

contractual subrogation and seeking a declaratory judgment that Crum owed coverage for Brock's claim under the contingent-liability policy. Crum removed the action to the district court based on the parties' diversity of citizenship, *see* 28 U.S.C. § 1332, and filed a counterclaim for a declaratory judgment that it had no duty to defend or pay benefits.

The parties filed cross-motions for summary judgment. Stafford and Great American argued that Brock was a covered person under the contingent-liability policy. Crum argued that Brock was not a covered person and was excluded from coverage after Stafford acknowledged that he was an employee. It also argued that there was no determination by the Board that Brock was an employee because Stafford conceded Brock was an employee.

The district court granted partial summary judgment in favor of Stafford and Great American and denied Crum's motion. It ruled that Brock was a covered person because, as a contract driver, he qualified as a contractor of Stafford and the Kenneth Carver Trucking agreement qualified as a covered contract. It ruled that Brock was not a statutory employee of Stafford before the accident, and he could not be excluded from coverage based on the later consent agreement stating he was a statutory employee. It ruled that Stafford's agreement that Brock was a statutory employee qualified as a determination that he was an employee. The district court did not rule on damages.

We dismissed Crum's appeal because the order was not final. *See* 28 U.S.C. § 1291. The district court issued a final order after the

parties reached an agreement on damages subject to Crum's right to appeal the ruling on coverage.

We review a summary judgment *de novo*. *Signor v. Safeco Ins. Co. of Ill.*, 72 F.4th 1223, 1227 (11th Cir. 2023). The parties agree that Georgia law applies, and the interpretation of an insurance contract is a question of law. *Landmark Am. Ins. Co. v. Khan*, 705 S.E.2d 707, 710 (Ga. Ct. App. 2011). When the terms of a contract are unambiguous, the contract is enforced according to those terms. *Gen. Steel, Inc. v. Delta Bldg. Sys., Inc.*, 676 S.E.2d 451, 453 (Ga. Ct. App. 2009). No ambiguity exists when, examining the contract as a whole and giving the words their ordinary meaning, the contract has only one reasonable interpretation. *Id*. at 453–54.

Crum argues that the district court erred in ruling that Brock was a covered person under the contingent-liability policy for two reasons: he was not an "Owner/Operator" or "Contractor," and he did not have a covered contract. Crum argues that the district court erred in ruling that "Owner/Operators and Contractors of an Insured" includes "Contract Drivers" like Brock. We disagree.

A contractor is defined as someone who is a "party to a contract" or "a person or company that agrees to do work or provide goods for another company." *Contractor*, Black's Law Dictionary (12th ed. 2024). And contrary to Crum's argument, the district court was allowed to look at the contract as a whole to determine the reasonable interpretation of that term. *See Gen. Steel, Inc.*, 676 S.E.2d at 453–54. Other provisions of the policy use "Owner/Operators" and "Contract Drivers" together, which means the term

"Contractors" includes those doing work for Stafford as "Contract Drivers." The Information page lists "Owner/Operators and Contract Drivers" together next to classifications, which are used to show the rate and premium basis for certain business classifications. The policy also states that Crum "will not pay more than [its] share of benefits and costs covered by this insurance and other insurance or self-insurance maintained by the Owner/Operator or Contract Driver." This language would not make sense if contract drivers were not covered under the policy at all. And the exclusion for "[a]ny claim brought by employees of a Covered Person or Independent Contractor of a Covered Person unless specifically named on file with the Administrator" would be meaningless if the policy only covered those who were the party to the contract. *Wilson v. Clark Atlanta Univ., Inc.*, 794 S.E.2d 422, 433 (Ga. Ct. App. 2016) ("No contractual provision should be rendered meaningless, nor any of its terms mere surplusage." (citation and internal quotation marks omitted)).

Brock had a covered contract with Stafford through the Kenneth Carver Trucking agreement. The policy states that owner/operators and contractors must "[h]ave a written covered contract with" Stafford. A "Covered Contract means a fully executed contract between a Covered Person" and Stafford. As we have explained, a covered person includes owner/operators and contract drivers. And the use of the plural "Covered Person(s)" that "[h]ave a written covered contract," in contrast to the other three requirements, which use singular verbs, means members of the owner/operator and contract driver group can collectively have a

single contract, while the other conditions must be satisfied by one individual. So, Brock had a written covered contract with Stafford based on the Kenneth Carver Trucking agreement, even without an individual contract.

The district court correctly rejected Crum's argument that the Kenneth Carver Trucking agreement was not fully executed even though Stafford did not sign the agreement. Kenneth Carver Trucking signed the agreement, and Stafford's acceptance could be inferred. *Burson v. Milton Hall Surgical Assocs., LLC*, 806 S.E.2d 239, 246 (Ga. Ct. App. 2017) ("Assent to the terms of a contract may be given other than by signatures . . . . If one of the parties has not signed, his acceptance is inferred from a performance under the contract, in part or in full, and he becomes bound." (citation and internal quotation marks omitted)).

Crum also argues that the claim could not be covered because there was no "determination by the appropriate state regulatory authority or a court of law" that Brock was an "employee" of Stafford when Stafford entered a consent agreement. We disagree. The Board issued an order deeming Brock a statutory employee.

Crum then argues that even if Brock were covered under the policy, the district court erred in ruling that he should not be excluded when Stafford signed a consent agreement deeming him a statutory employee. The policy excludes "[a]ny claim brought by a person legally acknowledged by the Named Insured or a Covered Person as an employee." But looking at the policy as a whole, other provisions state a person is covered if they are "not (prior to a claim

24-12058                Opinion of the Court                9

under this policy) a statutory employee of an insured or another covered person." Brock was not recognized as Stafford's statutory employee *before* the claim under the policy was made. And the language of the exclusion uses the term "employee" not "statutory employee," which suggests it only excludes those deemed employees before a claim is filed. The exclusion does not apply to Brock.

We **AFFIRM** the summary judgment in favor of Stafford and Great American.